United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HART,<br><br>           Plaintiff,<br><br>     v.<br><br>NELNET SERVICING LLC, et al.,<br><br>           Defendants. | Case No.  26-cv-03534-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

On April 24, 2026, pro se plaintiff Eugene Hart filed this action and applied for leave to proceed in forma pauperis (without prepaying the filing fee).  Dkt. Nos. 1, 2.  On April 30, 2026, Magistrate Judge Joseph Spero granted plaintiff's application to proceed in forma pauperis, but separately reviewed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Dkt. Nos. 5, 6.  On June 4, 2026, Judge Spero issued a Report and Recommendation in this action, advising dismissal with leave to amend for failure to state a claim.  Dkt. No. 6.  Plaintiff had 14 days from service of the Report and Recommendation to serve and file any objections.  Fed. R. Civ. P. 72; *see also* Fed. R. Civ. P. 6(d) (extending deadline by 3 days when a party is served by mail). The deadline to object has passed, and no objections have been received.

Plaintiff has filed more than 40 cases in the Northern District of California in 2026 against various defendants, several of which have been dismissed for lack of subject matter jurisdiction or failure to prosecute.  *See, e.g., Hart v. Microsoft Corp.*, 26-cv-02483-CRB, ECF No. 8 (June 15, 2026); *Hart v. U.S. Patent and Trademark Office*, 26-cv-00584-AMO, ECF No. 6 (May 27, 2026); *Hart v. U.S. Copyright Office*, 26-cv-00585-YGR, ECF No. 6 (May 5, 2026); *Hart v. Antioch Community Federal Credit Union*, 26-cv-00413-JSC, ECF No.11 (April 21, 2026); *Hart v. Self*, 26-cv-00412-JST, ECF No. 11 (March 13, 2026);  *Hart v. Hart*, 26-cv-01058-NW, ECF No. 12 (May

13, 2026); *Hart v. Hart*, 26-cv-00971-RFL, ECF No. 9 (May 6, 2026); *Hart v. U.S. Securities & Exchange Commission*, 26-cv-04494-EMC, ECF No. 10 (July 7, 2026). Plaintiff has been warned by at least one judge that he could be declared a vexatious litigant, s*ee Hart v. Lewis*, 26-cv-03547-RFL, ECF No. 7 (May 6, 2026), and that possibility still exists.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether a plaintiff fails to state a claim, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in his favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).

The Court has independently reviewed the filings in this case. The Court agrees with Judge Spero's analysis that, even construed liberally, plaintiff's complaint fails to state a claim. Plaintiff does not identify any specific rights or laws that have been violated, instead invoking generally "the Rule of Law", his "Civil Rights", and his "privacy and civil human rights." *See* Dkt. No. 1 at 5-6 (ECF pagination). Plaintiff states that he does not want the Court to "award [him] anything" but to "prosecute the crime in which was charged." *Id.* at 7. Plaintiff's factual allegations are vague, conclusory, and largely unintelligible.

Accordingly, the Court ADOPTS the Report and Recommendation at Docket Number 6 in full. Plaintiff's complaint is DISMISSED with leave to amend. Should he choose to amend,

United States District Court
Northern District of California

p**laintiff must file his amended complaint by August 7, 2026.**  Failure to file an amended complaint by that date will result in dismissal of this action without further notice.

        **IT IS SO ORDERED**.

Dated: July 7, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

3